```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- X
MERLIN PETROLEUM COMPANY, INC.,     :
                                    :
              Plaintiff,            :
                                    :
         -against-                  :   MEMORANDUM OPINION
                                    :        AND ORDER
EASTWIND TRANSPORT, INC.;           :   09 Civ. 5510 (JFK)
EASTWIND MARITIME S.A.;             :
EASTWIND LTD.;                      :
EASTWIND INVESTMENT; and            :
EASTWIND MARITIME, INC.             :
                                    :
              Defendants.           :
----------------------------------- X
```

**JOHN F. KEENAN, United States District Judge:**

Plaintiff Merlin Petroleum Company, Inc., moves pursuant to Rule 64 of the Federal Rules of Civil Procedure[1] and N.Y. C.P.L.R. § 6201 for an order attaching, inter alia, "funds representing electronic funds transfers" ("EFTs"). (Pl.'s Proposed Order 2.) The Court denies Plaintiff's motion in light of <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 446 n.6 (2d Cir. 2006) ("Under [New York] state law, the EFT could not be attached because EFTs are property of neither the sender nor the beneficiary while present in an intermediary bank." (citing N.Y. U.C.C. Law §§ 4-A-502 cmt. 4, 4-A-504 cmt.

---

[1] Rule 64 permits parties to make use of "every remedy available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." In this case, Plaintiff seeks to make use of New York's attachment remedy. <u>See</u> N.Y. C.P.L.R. § 6201.

1)).  Plaintiff may submit an amended proposed order that seeks to attach appropriate property.

SO ORDERED.

Dated:    New York, New York

         June 17, 2009

                              _____

                              JOHN F. KEENAN

                              United States District Judge